James P. MITCHELL, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

MECO STEEL SUPPLY COMPANY, Defendant.

Civ. A. No. 8751.

United States District Court
S. D. Texas,
Houston Division.

Jan. 12, 1956.

778

Stuart Rothman, Sol., Earl Street, Regional Atty., and Truett E. Bean, Trial Atty., U. S. Dept. of Labor, Dallas, Tex., for plaintiff.

William E. Ladin and Raymond H. Wilson, Houston, Tex., for defendant.

CONNALLY, District Judge.

### Statement of the Case.

This is an action by the Secretary of Labor of the United States, filed under § 216(c) of the Fair Labor Standards Act (29 U.S.C.A. § 201 et seq.), wherein recovery is sought by the plaintiff, for and on behalf of one Ira C. Boykin, of certain overtime compensation allegedly due to Boykin during the course of his employment by the defendant Meco Steel Supply Company. The matter was tried to the Court upon a stipulation, admis-

sions of fact made by the defendant, and additional oral evidence. It appears without dispute that Boykin's employment was of such nature as to bring him within coverage of the Fair Labor Standards Act, and to entitle him to the additional overtime compensation claimed, unless he is exempt therefrom under the provisions of § 213(b) (1) of Title 29 U.S.C.A. as an "employee with respect to whom the Interstate Commerce Commission has power to establish qualifications and maximum hours of service pursuant to the provisions of section 304 of Title 49".

Under the terms of § 304 of Title 49 U.S.C.A., the Commission is empowered to establish reasonable requirements with respect to the qualifications and maximum hours of service of employees, and safety of operations and equipment for common and contract carriers as well as for certain private carriers. It is contended by the defendant that Boykin's duties were of such nature as to bring him and his employment within the scope of Interstate Commerce Commission control, and hence within the exemption from terms of the Fair Labor Standards Act.

### Findings of Fact.

1. The defendant is and at all material times has been engaged in the business of purchasing, handling, storing, and the distribution of iron and steel products. Substantial quantities of the materials which the defendant purchases, and of those sold, move in interstate commerce.

2. Ira C. Boykin (deceased prior to the date of trial) filed a written request with the plaintiff that the latter institute suit on his behalf to recover the overtime compensation allegedly due to Boykin under § 207 of the Act.

3. Boykin was employed by the defendant at its place of business, office, yard and warehouse, located in this City, primarily as a night watchman. His hours were from 6 p. m. to 6 a. m. He carried a watchman's clock, a key to the gate to defendant's premises, and was

armed. From time to time during Boykin's hours of duty, defendant's trucks would arrive and/or depart from the defendant's yard. It was Boykin's duty on such occasions to unlock the gate and admit the entrance or exit of the vehicles. From time to time, he assisted with the loading or unloading of the vehicles and other similar duties. Boykin was in no sense a safety expert, nor did he possess any particular training or experience in how properly to load a truck. He did not direct or supervise others, nor did he exercise judgment or discretion in connection with his work of loading or unloading these vehicles. It was stipulated by the parties, and I find as a fact, that Boykin's duties regularly included the handling and guarding of the iron and steel products and commodities which were received by the defendant from suppliers from outside the State of Texas and/or were being handled, sold, or transported to defendant's customers located outside the State of Texas.

4. It is shown without dispute that during the period of Boykin's employment in question here, for a period of 39 weeks Boykin worked 84 hours per week, or 44 hours per week in excess of the regular 40-hour work week; that he was paid at the rate of 75¢ per hour for all of the hours worked; and, in the event of defendant's liability, is entitled to overtime compensation at the rate of 37½¢ per hour for such hours in excess of 40 per week, or the total of $643.50.

### Conclusions of Law.

1. The Court is vested with jurisdiction.

2. The employee Boykin was engaged in interstate commerce and in the production of goods for interstate commerce as those terms are used and defined in the Fair Labor Standards Act (§ 207(a) of Title 29 U.S.C.A.), and defendant was required to pay this employee at the rate of one and one-half times his regular wage for all hours worked in excess of 40 hours per week.

3. While admittedly Boykin's duties from time to time included assisting with the loading and unloading of defendant's trucks, and to that extent his duties were concerned with and pertained to the safety of operation of such trucks, Boykin's connection with the loading, and the safety, of operation of such vehicles was so casual and inconsequential as not to bring Boykin's employment within the term of the exception hereinabove referred to. His employment was and remained subject to the Fair Labor Standards Act. Levinson v. Spector Motor Service, 330 U.S. 649, 67 S.Ct. 931, 91 L.Ed. 1158; Pyramid Motor Freight Corp. v. Ispass, 330 U.S. 695, 67 S.Ct. 954, 91 L.Ed. 1184; Foremost Dairies. Inc., v. Ivey, 5 Cir., 204 F.2d 186.

Plaintiff is entitled to recover from the defendant the sum of $643.50.

Clerk will furnish counsel copy of the foregoing Findings and Conclusions. Counsel for plaintiff will furnish appropriate decree within ten days.